## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### FORT LAUDERDALE DIVISION

Case No.: _____

**EDWIN CRUZ**,

        Plaintiff,

v.

**DOC B'S RESTAURANT 004, LLC,**

        Defendant.

_____/

### DEFENDANT'S NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Doc B's Restaurant 004, LLC ("**Doc B's**") removes this action, which was commenced in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. CACE 20-018066 (the "**State Court Action**"). Doc B's states that removal is proper for the following reasons:

1. On October 29, 2020, Plaintiff Edwin Cruz ("**Plaintiff**") filed a Complaint in the State Court Action.

2. On November 2, 2020, Plaintiff served Doc B's with a copy of the Summons and Complaint in the State Court Action. Removal is timely because Doc B's Notice of Removal is filed within 30 days after receipt of Plaintiff's initial pleading. *See* 28 U.S.C. § 1446(b).

3. Pursuant to 28 U.S.C. § 1446(a), copies of the docket and all process, pleadings, and orders served on Doc B's in the State Court Action are attached hereto as **Composite Exhibit A**.

4. This action is removable because Plaintiff's Complaint raises a federal question. Specifically, Plaintiff's Complaint alleges, in Count I, violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219. Thus, this Court has original jurisdiction over this action under 28 U.S.C. § 1331, and this action is removable under 28 U.S.C. §§ 1441 and 1446, in that Plaintiff asserts a claim arising "under the Constitution, laws, or treaties of the United States." *See Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) (stating that a cause of action "arises under" federal law within the meaning of 28 U.S.C. § 1331 if the complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law). Accordingly, the face of the Complaint establishes that this Court has original jurisdiction over this action and, therefore, removal is proper.

5. In Count II, Plaintiff attempts to state a retaliation claim under the Florida Workers' compensation law, Fla. Stat. § 440.205. Pursuant to 28 U.S.C. § 1445(c) "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Further 28 U.S.C. § 1441(c) states:

> (c) Joinder of Federal law claims and State law claims.—
>     (1) If a civil action includes—
>         (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>         (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,
> the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

>(2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed.

28. U.S.C. § 1441(c)

6. Consequently, pursuant to these removal statutes, following removal of the State Court Action, this Court should sever Count II and remand it to state court. *See Mercoglan v. Charlotte County Bd. of County Commissioners*, 218CV209FTM38MRM, 2018 WL 4017692 (M.D. Fla. Aug. 3, 2018), *report and recommendation adopted*, 218CV209FTM38MRM, 2018 WL 4005817 (M.D. Fla. Aug. 22, 2018).

7. This removal is properly filed with this Court because this Court is the United States District Court for the district embracing the place where the State Court Action is pending, namely the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. 28 U.S.C. § 1441(a).

8. Doc B's will contemporaneously file a Notice of Filing Notice of Removal with the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida in the form as appears in **Exhibit B** attached hereto, and as required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all parties of record.

**WHEREFORE**, Defendant, DOC B'S RESTAURANT 004, LLC, hereby gives notice that the above-described civil action pending in the Seventeenth Judicial Circuit in and for Broward County, Florida, is discontinued and removed to the United States District Court for the Southern District of Florida.

        Respectfully submitted,

        **KLUGER, KAPLAN, SILVERMAN,**
        **KATZEN & LEVINE, P.L.**
        *Counsel for Defendants*
        201 S. Biscayne Blvd
        Twenty-Seventh Floor
        Miami, Florida 33131
        Tel: (305) 379-9000
        Fax: (305) 379-3428

        /s/ Michael T. Landen
        **Michael T. Landen, Esq.**
        Florida Bar No. 161144
        mlanden@klugerkaplan.com
        **David A. Archer, Esq.**
        Florida Bar No. 0126721
        darcher@klugerkaplan.com

## CERTIFICATE OF SERVICE

I hereby certify that on this **2ⁿᵈ** day of December, 2020, a true and correct copy of the foregoing was served by electronic mail and U.S. Mail on all counsel or parties of the record on the Service List below

        By: */s/ Michael T. Landen*
        **Michael T. Landen, Esq.**

## SERVICE LIST

Rainer Requeiro, Esq.
Remer & Georges-Pierre, PLLC.
44 West Flagler Street
Suite 2200
Miami, FL 33130
rregueiro@rgpattorneys.com