# COMPOSITE EXHIBIT A

# Edwin Cruz Plaintiff vs. DOC B'S Restaurant 004, LLC Defendant

**Broward County Case Number:** CACE20018066
**State Reporting Number:** 062020CA018066AXXXCE
**Court Type:** Civil
**Case Type:** Other - Discrimination Employment or Other
**Incident Date:** N/A
**Filing Date:** 10/29/2020
**Court Location:** Central Courthouse
**Case Status:** Pending
**Magistrate Id / Name:** N/A
**Judge ID / Name:** 12 Frink, Keathan B.

## Party(ies)   Total: 2

| Party Type | Party Name | Address | Attorneys / Address  ★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Cruz, Edwin** | | ★ Regueiro, Rainier, ESQ. Retained  Bar ID: 115578  319 Clematis ST  STE 606  West Palm Beach, FL 33401  **Status: Active** |
| Defendant | **DOC B'S Restaurant 004, LLC** | | |

## Disposition(s)   Total: 0

| Date | Statistical Closure(s) |
|---|---|

| Date | Disposition(s) | View | Page(s) |
|---|---|---|---|

## Event(s) & Document(s)   Total: 4

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|
| 10/29/2020 | **Civil Cover Sheet** | Amount: $30,001.00 | 📄 | 3 |
| 10/29/2020 | **Complaint (eFiled)** | Party: *Plaintiff* Cruz, Edwin | 📄 | 6 |
| 10/29/2020 | **eSummons Issuance** | Party: *Defendant* DOC B'S Restaurant 004, LLC | 📄 | 1 |
| 10/29/2020 | **Search for prior case performed per 2020-4-Civ-UFC-CO** | None | 📄 | 1 |

**−  Hearing(s)**  Total: 0

**There is no Disposition information available for this case.**

**−  Related Case(s)**  Total: 0

**There is no related case information available for this case.**

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

**EDWIN CRUZ,**

    Plaintiff,

v.

CASE NO.: _____

**DOC B'S RESTAURANT 004, LLC,**

    Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO: DOC B'S RESTAURANT 004, LLC,** through its Registered Agent:

    KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L.
    201 S BISCAYNE BLVD, 27TH FL
    MIAMI, FL 33131

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    RAINIER REGUEIRO, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    319 CLEMATIS STREET, STE. 606
    WEST PALM BEACH, FL 33401

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

OCT 29 2020

(BY) DEPUTY CLERK

**BRENDA D. FORMAN**

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 10/29/2020 01:29:08 PM.****

Filing # 115832454 E-Filed 10/29/2020 01:29:11 PM

IN THE CIRCUIT COURT OF THE<br>
17TH JUDICIAL CIRCUIT IN AND<br>
FOR BROWARD COUNTY, FLORIDA

CASE NO.:

**EDWIN CRUZ,**

    **Plaintiff,**

v.

**DOC B'S FRESH KITCHEN,**

    **Defendant,**

_____/

## COMPLAINT

Plaintiff **EDWIN CRUZ**, ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, **DOC B'S FRESH KITCHEN**, ("Defendant"), and alleges as follows:

1. This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees or costs resulting from Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") and Retaliation under Fla. Stat. § 440.205.

2. Plaintiff was at all times relevant to this action, and continues to be, a resident of Broward County Florida, within the jurisdiction of this Honorable Court.

3. Defendant, DOC B'S FRESH KITCHEN, is a Florida Profit Corporation, conducting business in Broward County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

4. Venue is proper in Broward County because all of the actions that form the basis of this Complaint occurred within Broward County.

5. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

6. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. Plaintiff started employment with Defendant in December 2016.

8. Plaintiff was hired by Gino P. Ferrari, who was he supervisor.

9. Plaintiff was a cook and kitchen manager. His duties included hiring and firing employees.

10. Plaintiff typically worked about 72 hours a week. Plaintiff had a salary of $65,000 which was paid bi-weekly through direct deposit.

11. Plaintiff clocked in and out of work each day; this is how his hours were recorded. Plaintiff did not complete any off the clock work.

12. In February 2019, around 2 or 3 pm, Plaintiff was performing his normal job duties when he received injuries to his back.

13. Plaintiff notified his supervisor, Ferrari, of the accident the next day.

14. In April 2019, Plaintiff had another accident at work. Plaintiff was picking up a box of apples and hurt his left shoulder when he put the box down.

15. Plaintiff notified Ferrari of the incident on the same day.

16. On September 10, 2019 Plaintiff was terminated from his employment with Defendant.

## COUNT I
### *FLSA Violation*

17. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 16 of this complaint as if set out in full herein.

18. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

19. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

20. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

21. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the FLSA applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

22. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

23. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   b. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest; and

   c. Award Plaintiff an equal amount in double damages/liquidated damages; and

   d. Award Plaintiff the costs of this action, together with reasonable attorney fees; and

   e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
*Retaliation Under Fla. Stat. § 440.205*

24. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 16 of this complaint as if set out in full herein.

25. Plaintiff's work-related injury required medical treatment.

26. Plaintiff reported his injuries to Defendant through its agent, Gino P. Ferrari.

27. Thereafter, Defendant discharged Plaintiff and did not allow him to re-commence work for the Defendant.

28. Plaintiff's work prior to his discharge was satisfactory or more than satisfactory and the apparent reason for the termination of Plaintiff's employment was that Plaintiff sought or

attempted to seek compensation under Florida Workers' Compensation Law, as Plaintiff was entitled to do.

29. The motivating factor which caused Plaintiff's discharge as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq. In other words, the Plaintiff would not have been fired but for claiming worker's compensation benefits.

30. Defendant's termination of Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, Plaintiff has been damaged.

31. By reason of Defendant's wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and has suffered emotional distress.

32. Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive damages.

**WHEREFORE** Plaintiff respectfully requests judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages; costs; injunctive relief prohibiting the Defendant from wrongfully discharging in the manner described above; front wages; and for any and all other relief that this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: October 29, 2020                     Respectfully submitted,

/s/Rainier Regueiro
Rainier Regueiro, Esq.
Florida Bar No.: 115578
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street
Suite 2200
Miami, FL 33130
Tel. (305) 416-5000
Fax: (305) 416-5005

# EXHIBIT B

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE 20-018066

EDWIN CRUZ,

    Plaintiff,

v.

DOC B'S RESTAURANT 004, LLC,

    Defendant.

_____/

## DEFENDANT'S NOTICE OF FILING
## NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

**TO: Clerk of the Circuit Court**

    **PLEASE TAKE NOTICE** that Defendant DOC B'S RESTAURANT 004, LLC, has this day filed a Notice of Removal in this action, which was previously pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, in the United States District Court, Southern District of Florida. A copy of the Notice of Removal is attached hereto as **Exhibit A**.

    **PLEASE TAKE FURTHER NOTICE** that the filing of Defendant's Notice of Removal in the United States District Court, together with the filing of said Notice with this Court, effects the removal of this action, and this Court may proceed no further in the above-captioned action unless and until the matter is remanded. *See* 28 U.S.C. § 1446(d).

CASE NO.: CACE 20-018066

Respectfully submitted,

**KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L.**
*Counsel for Defendant Doc B's Restaurant, LLC*
201 South Biscayne Boulevard
27th Floor
Miami, Florida 33131
Telephone: (305) 379-9000
Facsimile:  (305) 379-3428
By: s/ *Mike T. Landen*
Michael T. Landen
Fla. Bar No. 161144
mlanden@klugerkaplan.com
David A. Archer
Fla. Bar No. 0126721
darcher@klugerkaplan.com

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document was served via the Court's E-Filing portal on this **2nd** day of December, 2020 on:  Rainier Requeiro, Esq. (rrequueiro@rpgattorneys.com), Remer & Georges-Pierre, PLLC., 44 West Flagler Street, Suite 2200, Miami, FL 33130

By: s/ *Michael T. Landen*
Michael T. Landen